# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEISHA STEINER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 15-11867-FDS |
| NATIONAL CORPORATE HOUSING, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YOUNG, D.J.**[1]                                                                                              May 19, 2015

## I.   Introduction

Keisha Steiner ("Steiner") brings this action against National Corporate Housing ("NCH") in which she asks that this Court resolve matters pending in an ongoing state court eviction case. The plaintiff has filed motions for an emergency hearing and for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court denies the motions and dismisses this action.

## II.   Background

According to the complaint, the plaintiff has resided in her Boston apartment, which is managed and/or owned by defendant NCH, since July 2014. She reports that since the beginning of her tenancy, she has experienced harassment, vandalism, theft, privacy violations, and illegal confiscation of her mail at her apartment. Steiner also represents that, in the past five years she has experienced numerous civil rights violations and was not able to find an apartment because of an error in her credit report.

Eviction proceedings against Steiner are pending in state court. The case is being heard

---

[1] The case is assigned to Judge Dennis Saylor, who is not in Court today. Due to the time-sensitive nature of the relief requested, the undersigned is addressing the pending motions and the Court's exercise of jurisdiction.

at the Edward Brooke Courthouse. The plaintiff claims that she has a "documented history of illegal arrests and being illegally held by the Edward Brooke Courthouse." Compl. (D. 1) ¶ 3. Because of this, she does "not feel as if [she] will be given a fair hearing" at a proceeding scheduled for May 21, 2015.[2] Id. In both her complaint and motion for a hearing, she asks that the federal court, rather than the state court, hold the hearing in her eviction case.

### III. Discussion

#### A. Motion to Proceed *In Forma Pauperis*

A party filing a civil action must either pay a $350.00 filing fee and $50 administrative fee or file an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). An application to proceed *in forma pauperis* must include "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Here, Steiner has not provided a complete statement of her assets. In her motion for leave to proceed *in forma pauperis*, she represents that in the past year she has received income from "[p]ensions, annuities or life insurance payments," but, she does not identify the source such money, the amount received, and the amount she expects to receive. In the absence of such information, the plaintiff has not provided a complete statement of her assets and the Court cannot determine whether the plaintiff is eligible for *in forma pauperis* status

#### B. Jurisdiction

A court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes the plaintiff's complaint because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[2]Steiner indicates that the hearing is on May 21, 2014, *see* Compl. ¶ 3, but the Court assumes that reference to the year 2014 instead of 2015 is a scrivener's error.

Assuming that eviction proceeding could be properly removed from state court under 28 U.S.C. § 1441 plaintiff could state a claim over which it has jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 (both assumptions being questionable based on the plaintiff's filings), the Court will abstain from exercising jurisdiction over this action.

The Supreme Court has explained that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention should rarely be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (alteration in original) (quoting *Colorado River*, 424 U.S. at 817). Nonetheless, there are several circumstances in which a federal court should abstain from exercising jurisdiction in light of related state court proceedings. Courts often abstain from hearing eviction matters to avoid interference with the state's structure in dealing with such matters. *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. Dunn*, C.A. No. 14-00286, 2015 WL 1499077, at *2 (E.D. Tenn. Mar, 31, 2015) (citing cases); *Toth v. Wells Fargo Bank, N.A.*, C.A. No. 14-00395, – F. Supp. 3d –, 2015 WL 1038543, at *2 n.2 (D.D.C. Mar. 9, 2015); Glen *6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 229 (S.D.N.Y. 1991). The plaintiff's concerns about fairness do not justify federal court intervention in the state court proceedings, especially where the plaintiff does not allege that she has unsuccessfully sought additional relief in state court (*e.g.*, a petition for extraordinary relief) or that she would be unable to challenge on appeal any deficiencies in the trial court proceedings.

IV.   **Conclusion**

For the aforementioned reasons:

1. The motion for leave to proceed *in forma pauperis* is DENIED.
2. The motion for a hearing is DENIED.
3. This action is DISMISSED.

**So ordered.**

    /s/ William G. Young
United States District Judge